### REICHEL v. NEW YORK CENT. & H. R. R. CO.

(*Superior Court of Buffalo, Special Term.* February, 1890.)

COSTS—TAXATION—APPEAL AND MOTION.

The fact that costs were taxed in plaintiff's favor on the denial of defendant's motion for a new trial on the exceptions, which was heard before the general term together with defendants' appeal from an order of the special term denying his motion for a new trial on the judge's minutes, does not, on the affirmation of the order of the special term, deprive plaintiff of his right to the costs of the appeal; Code Civil Proc. N. Y. § 3239, providing that, where the decision on an appeal affirms an order refusing a new trial, the respondent is entitled, of course, to the costs of the appeal.

Action by Johann Reichel against the New York Central & Hudson River Railroad Company for personal injuries. Plaintiff moves for a retaxation of costs. For defendant's motion to retax costs, see *post*, 415.

*Eugene V. Chamberlain,* for plaintiff. *James F. Gluck,* for defendant.

BECKWITH, C. J. Motion for a new taxation of costs. This was an action for damages. The jury rendered a verdict for the plaintiff. On motion of defendant's counsel, judgment was stayed, and the exceptions directed to be heard at the general term in the first instance. The defendant then made a motion on the minutes of the court for a new trial which, after due deliberation, was denied. The defendant appealed from the order denying a new trial. The case, exceptions, and orders were printed in the same book, and the motion for a new trial, and the appeal from the order refusing a new trial, were argued together. The general term affirmed the order of the trial judge denying the motion for a new trial, and denied, also, the motion for a new trial made on the exceptions, and ordered judgment on the verdict, with costs.[1] On the taxation of costs the clerk allowed the costs, (Code, § 3251, subd. 4,)— for proceedings before argument, $20, and for argument, $40,—on the motion for a new trial, made in the first instance at the general term on the exceptions, but the clerk refused to allow or tax any sums for the appeal from the order denying the motion for a new trial made on the minutes. By this motion the plaintiff appeals from the decision of the clerk, and asks that the court direct a new taxation, allowing the plaintiff the costs of the appeal from the order denying the motion on the minutes, according to subdivision 4, § 3251, Code; that is to say, "before argument, twenty dollars," and "for argument, forty dollars." There is no motion made to correct the action of the clerk in allowing costs of the motion at general term on the exceptions.

The defendant claims that but one bill of costs should be allowed, because the appeal from the order and the motion on the exceptions were argued at one and the same time before the general term. This being an action to recover pecuniary damages for a personal injury, the plaintiff, upon final judgment, became "entitled to costs." Code, § 3228. What costs, and what rate of costs, were not in the discretion of the court. Section 3239 of the Code provides that, where the decision upon the appeal from such an order refuses a new trial, the respondent is entitled, of course, to the costs of the appeal. Section 3251, subd. 4, fixes the amounts to which the party is entitled at $20 before argument, and $40 for argument. These sums the clerk should allow, and tax for the recovery by the plaintiff's judgment. The defendant, for its own purposes, caused the motion on the weight of evidence to be considered

[1] No opinion written.

separately, instead of allowing judgment and appealing therefrom, according to subdivision 2 of section 3239, which subdivision was provided expressly for the benefit of parties situated as was the defendant. Code, §§ 1316, 3239. The Code defines the costs to which the respondent in the appeal and the plaintiff in the action are entitled, and I cannot find authority for the exercise of any discretion by the court. Counsel fail to call my attention to any provision of the Code that changes or takes away the statutory allowances for costs of the appeal and the motion respectively; and the fact that the general term permitted them to be brought on for argument at the same time does not seem to affect the right to costs. It is therefore ordered that the clerk tax anew the sums specified as allowable to the plaintiff for costs of the appeal from the order.